UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERBERT MONTGOMERY (#627908)                    CIVIL ACTION NO.

VERSUS                                          22-868-JWD-EWD

DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, ET AL.

## ORDER

Herbert Montgomery ("Plaintiff"), who is representing himself, filed this suit under 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Captain Kelly, Sergeant Womack, Lieutenant Horn, Warden of the Jackson Parish Correctional Center, and the Jackson Parish Correctional Center alleging violations of his constitutional rights.[1]

Under the provisions of 28 U.S.C. §§ 1391(b)(1) and (2), and 28 U.S.C. §§ 1404(a) and 1406(a), a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to a court of proper venue.  While it is not entirely clear, Plaintiff appears to complain of excessive force through the use of chemical agent, directed against the Jackson Parish Correctional Center, which is located in the Western District of Louisiana, and against officers, who are employed at the Jackson Parish Correctional Center.[2]  Although Plaintiff says he is now housed at Elayn Hunt Correctional Center,[3] in this judicial district, because the facts underlying Plaintiff's claims arose in the Western District of Louisiana and because it appears that the

---

[1] R. Doc. 1.

[2] Plaintiff states that Kelly is employed at the Jackson Parish Correctional Center, and it appears Womack and Horn are also employed at the Jackson Parish Correctional Center.  R. Doc. 1, p. 4.  Plaintiff also includes the Warden of the Jackson Parish Correctional Center and the Jackson Parish Correctional Center, itself, as defendants.  R. Doc. 1, pp. 1 & 4.  As relief, Plaintiff specifically seeks compensation from Kelly and from "company and contractors of Jackson Parish Corr. Center Lasalle Management [sic]."  R. Doc. 1, p. 5.

[3] R. Doc. 1, p. 3.

defendants and any witnesses would also be in the Western District of Louisiana,[4] it is proper, for

the convenience of the parties and in the interest of justice, to transfer this action to the Western

District of Louisiana.  Accordingly,

**IT IS ORDERED**, *sua sponte*, that this action is **TRANSFERRED** to the Western District

of Louisiana.[5]

Signed in Baton Rouge, Louisiana, on November 8, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Though Plaintiff named the Louisiana Department of Public Safety and Corrections, he has not alleged any facts regarding the Louisiana Department of Public Safety and Corrections, and all the individual defendants appear to be located in the Western District of Louisiana.  R. Doc. 1, p. 4.

[5] A court may transfer venue *sua sponte*.  *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). A ruling on the pending Motion to Proceed *in Forma Pauperis* is deferred to the Western District of Louisiana. R Doc. 2.